ORDER
LOURIE, Circuit Judge.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Bernard Tucker’s appeal because of lack of jurisdiction. Tucker opposes.
The Board of Veterans’ Appeals determined that new and material evidence had not been presented to reopen Tucker’s previously and finally disallowed claim for service connection for a knee injury. Tucker appealed to the Court of Appeals for Veterans Claims, and the Secretary moved for remand. Tucker agreed that his claim should be remanded in light of the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106^175, 114 Stat.2096, but asked the Court of Appeals for Veterans Claims to consider additional arguments concerning *901 new and material evidence and clear and unmistakable error. The Court of Appeals for Veterans Claims granted the Secretary’s motion, vacated the Board’s decision, and remanded for readjudication of Tucker’s claims consistent with the VCAA. The Court of Appeals for Veterans Claims stated that it had reviewed Tucker’s additional arguments but found further review unwarranted “in view of the readjudication that will be ordered in light of the VCAA.” The Court of Appeals for Veterans Claims noted that “[o]n remand, [Tucker] will be free to submit additional evidence and argument (including those made here)[.]”
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If Tucker’s case does not meet these criteria, then 38 U.S.C. § 7292(d) requires this court to dismiss the appeal even assuming there was a final, appealable Court of Appeals for Veterans Claims decision.
In his opposition, Tucker argues that the Court of Appeals for Veterans Claims should have reached the issues he raised rather than, or in addition to, remanding. Tucker’s arguments do not implicate a constitutional issue or the validity or interpretation of a statute or regulation relied on by the Court of Appeals for Veterans Claims. Thus, these matters do not fall within this court’s jurisdiction. See 38 U.S.C. § 7292(d); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.